J-S35039-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| LAMAR L. ZAMICHIELI A/K/A JAMES ZAMICHIELI, | |
| Appellant | No. 6 EDA 2015 |

Appeal from the PCRA Order November 24, 2014
in the Court of Common Pleas of Philadelphia County
Criminal Division at No.: CP-51-CR-0509371-2003;
CP-51-CR-0509381-2003
CP-51-CR-0509391-2003
CP-51-CR-0509401-2003
CP-51-CR-0509411-2003
CP-51-CR-0509611-2003
CP-51-CR-0902651-2003
CP-51-CR-0903491-2003
CP-51-CR-0903581-2003
CP-51-CR-0903591-2003

BEFORE:  MUNDY, J., OLSON, J., and PLATT, J.[*]

MEMORANDUM BY PLATT, J.:                    **FILED JUNE 17, 2015**

Appellant, Lamar L. Zamichieli a/k/a James Zamichieli, appeals from

the order dismissing his petition filed pursuant to the Post Conviction Relief

Act (PCRA), 42 Pa.C.S.A. §§ 9541-9546.  We affirm.

This Court previously summarized the factual and procedural history of

this case as follows:

_____

[*] Retired Senior Judge assigned to the Superior Court.

Between February 23, 2003, and March 27, 2003, [Appellant] committed sexual assaults on ten children, between the ages of [ten] and [fifteen], in the Frankford and Germantown neighborhoods of Philadelphia. [Appellant] approached the young males and females as they were walking alone. He would attempt to convince the youngsters to accompany him. When several refused, he then threatened them. Following each attack[,] the victims were able to give police a description of their attacker. Following one of the attacks, a crossing guard noticed [Appellant] walking with a crying victim. The victim, fearing [Appellant] would assault the crossing guard, remained silent until he entered his school. Later, when the Special Victims Unit realized there had been nine attacks over the course of [twelve] days, all within a one-mile radius, they contacted the crossing guard, Shonda Washington. Ms. Washington was shown photographs of potential suspects. Although Ms. Washington stated the perpetrator's picture was not there, she did pick out a picture of an individual who strongly resembled him. The photo chosen was of [Appellant's] brother, Virgil . . . .

On March 27, 2003, [Appellant] approached Detective Harry Young who was patrolling the Frankford neighborhood. [Appellant] asked Detective Young, "Hey, you got a copy of them photos, the guy that's wanted for them rapes?" Detective Young, noticing [Appellant's] strong resemblance to the picture of Virgil, told him that he was investigating the assaults, asked him for his name and a DNA sample. [Appellant] identified himself as Lamar Soto and authorized the detective to swab his mouth for a saliva sample. [Appellant] then accompanied Detective Young to the Special Victim's Unit to be photographed. While at the police station, [Appellant's] photograph, contained in a photo array, was shown to the ten victims. Nine out of ten identified [Appellant] as their attacker [from the photos and the tenth victim identified Appellant in a lineup.] That same day, [Appellant] was arrested and charged with multiple crimes in connection with the sexual assaults he committed on the ten children. On July 12, 2004, pursuant to negotiations, [Appellant] pled guilty to four counts of rape, [eleven] counts of terroristic threats, and [thirteen] counts of corruption of minors; as to all remaining counts, he pled *nolo contendere*. Prior to sentencing, a Megan's Law assessment was ordered by the court and on January 12, 2005, [Appellant] was found to be a sexually violent predator.

(*Commonwealth v. Zamichieli*, No. 1660 EDA 2009, unpublished memorandum at *1-3 (Pa. Super. filed Nov. 15, 2010)) (citation and footnote omitted).

Appellant withdrew his guilty pleas on June 14, 2005. (*See* Docket, at 15-17). On August 2, 2005, a jury convicted Appellant of two counts of rape, two counts of involuntary deviate sexual intercourse, one count of criminal attempt (sexual assault), two counts of criminal attempt (rape), four counts of kidnapping, eight counts of making terroristic threats, six counts of corrupting the morals of a minor, one count of indecent assault, one count of simple assault, and one count of possessing an instrument of crime.[1] That same day, the court sentenced Appellant to an aggregate term of not less than ninety-one nor more than 182 years' incarceration.

Appellant filed a motion for reconsideration on August 10, 2005, which the trial court denied. On August 24, 2005, Appellant timely appealed. This Court concluded that Appellant waived all issues because of his failure to file a Rule 1925(b) statement timely and affirmed the judgment of sentence on March 6, 2007. (*See Commonwealth v. Zamichieli*, 927 A.2d 660 (Pa. Super. 2007) (unpublished memorandum)). The Pennsylvania Supreme Court denied leave to appeal on October 11, 2007. (*See Commonwealth v. Zamichieli*, 934 A.2d 74 (Pa. 2007)).

---

[1] 18 Pa.C.S.A. §§ 3121, 3123, 3124.1, 3121, 2901, 2706, 6301, 3126, 2701, and 907, respectively.

On March 7, 2008, Appellant timely filed a *pro se* PCRA petition. The PCRA court appointed counsel who filed an amended PCRA petition on October 1, 2008 requesting that Appellant's post sentence rights be reinstated *nunc pro tunc*. On May 21, 2009, the court reinstated Appellant's rights and directed him to file a notice of appeal within thirty days.

Appellant timely filed a notice of appeal on June 5, 2009. The court did not order Appellant to file a Rule 1925(b) statement nor did it file a Rule 1925(a) opinion; instead relying on its March 29, 2006 opinion. On June 1, 2010, this Court remanded the matter, and directed the trial court to order Appellant to file a Rule 1925(b) statement. Additionally, this Court ordered the trial court to file a supplemental Rule 1925(a) opinion addressing Appellant's issues of a speedy trial and severance of cases. The trial court timely complied.

On November 15, 2010, this Court remanded the matter to resentence Appellant on the attempted sexual assault conviction that had a maximum allowable sentence of ten years' imprisonment[2] and affirmed all other aspects of sentencing. (**See Zamichieli**, No. 1660 EDA 2009, at \*20). In accordance with our remand, the court resentenced Appellant to not less than five nor more than ten years' incarceration on the attempted sexual

---

[2] We note that the parties and the court agreed that the sentence imposed of not less than ten nor more than twenty years' incarceration was illegal. (**See Zamichieli**, No. 1660 EDA 2009, at \*14).

assault conviction. Appellant's aggregate sentence of not less than ninety-one nor more than 182 years' incarceration remained unchanged. The Pennsylvania Supreme Court denied leave to appeal on May 25, 2011. (**See Commonwealth v. Zamichieli**, 21 A.3d 1194 (Pa. 2011)).

Appellant timely filed a *pro se* PCRA petition on September 6, 2011. On January 7, 2013, the PCRA court denied the petition as untimely. Appellant timely filed a notice of appeal on February 4, 2013. On February 25, 2013, the PCRA court requested the matter be remanded because "[t]he [PCRA] court was under the mistaken belief that [Appellant's] underlying PCRA petition was his second PCRA filing in which no qualifying exceptions applied." (Order, 2/25/13, at 1). This Court remanded the matter to the PCRA court on May 8, 2013.

The PCRA court appointed counsel who filed an amended PCRA petition on November 28, 2013. On September 15, 2014, the PCRA court notified Appellant of its intention to dismiss his petition without a hearing pursuant to Pennsylvania Rule of Criminal Procedure 907. **See** Pa.R.Crim.P. 907. Appellant did not respond.

The PCRA court dismissed the petition on November 24, 2014. Appellant timely appealed on December 23, 2014.[3]

_____

[3] Pursuant to the PCRA court's order, Appellant filed a timely Rule 1925(b) statement on January 29, 2015. The court entered its Rule 1925(a) opinion on February 4, 2015. **See** Pa.R.A.P. 1925.

Appellant raises the following question for our review: "Should PCRA relief have been granted where trial counsel failed to preserve the Appellant's speedy trial rights and failed to have the Appellant's cases severed from one another?" (Appellant's Brief, at 8).[4]

Our standard of review is well-settled:

> [A]n appellate court reviews the PCRA court's findings of fact to determine whether they are supported by the record, and reviews its conclusions of law to determine whether they are free from legal error. The scope of review is limited to the findings of the PCRA court and the evidence of record, viewed in the light most favorable to the prevailing party at the trial level.

***Commonwealth v. Freeland***, 106 A.3d 768, 775 (Pa. Super. 2014) (citation omitted).

A PCRA petitioner is eligible for relief if the claim is cognizable under the PCRA. ***See*** 42 Pa.C.S.A. § 9543. Cognizable claims include those that allege ineffectiveness of counsel that undermined the truth-determining process. ***See*** 42 Pa.C.S.A. § 9543(a)(2)(ii).

> We also note that a PCRA petitioner is not automatically entitled to an evidentiary hearing. We review the PCRA court's decision dismissing a petition without a hearing for an abuse of discretion.
>
> > [T]he right to an evidentiary hearing on a post-conviction petition is not absolute. It is within the PCRA court's discretion to decline to hold a hearing if the petitioner's claim is patently frivolous and has no

---

[4] We note that Appellant has raised two instances of counsel's ineffectiveness. (***See*** Appellant's Brief, at 12, 14, 16). Therefore, we will treat them as two separate issues.

> support either in the record or other evidence. It is the responsibility of the reviewing court on appeal to examine each issue raised in the PCRA petition in light of the record certified before it in order to determine if the PCRA court erred in its determination that there were no genuine issues of material fact in controversy and in denying relief without conducting an evidentiary hearing.

*Commonwealth v. Miller*, 102 A.3d 988, 992 (Pa. Super. 2014) (citations omitted).

It is well-settled that "[a] criminal defendant has the right to effective counsel . . . during trial." *Commonwealth v. Rathfon*, 899 A.2d 365, 369 (Pa. Super. 2006) (citation omitted). Further, counsel is presumed effective, and an appellant bears the burden to prove otherwise. *See Commonwealth v. Bennett*, 57 A.3d 1185, 1195 (Pa. 2012).

To succeed on an ineffective assistance of counsel claim, a petitioner must overcome the presumption that counsel is effective and demonstrate that counsel's deficient performance prejudiced him. *See Strickland v. Washington*, 466 U.S. 668, 687 (1984). Pennsylvania has further refined the *Strickland* test into a three-prong inquiry. An appellant must demonstrate that: (1) his underlying claim is of arguable merit; (2) counsel had no reasonable strategic basis for his action or inaction; and (3) the appellant suffered actual prejudice as a result. *See Commonwealth v. Pierce*, 527 A.2d 973, 975 (Pa. 1987). A failure to satisfy any prong of the *Pierce* test will require rejection of the claim. *See Commonwealth v. Spotz*, 84 A.3d 294, 311 (Pa. 2014). Any reasonable basis for the course of

action selected proves effectiveness, not a hindsight evaluation to determine the best strategic alternative. *See Commonwealth v. Charleston*, 94 A.3d 1012, 1027 (Pa. Super. 2014), *appeal denied*, 104 A.3d 523 (Pa. 2014).

In Appellant's first issue, he claims that trial counsel was ineffective because he "failed to file a motion to dismiss the prosecution pursuant to [Pa.R.Crim.P.] 600 and [] Appellant's right to a speedy trial . . . ." (Appellant's Brief, at 12). We disagree.

Rule 600 provides, in relevant part:

(A) Commencement of Trial; Time for Trial

(1) For the purpose of this rule, trial shall be deemed to commence on the date the trial judge calls the case to trial, or the defendant tenders a plea of guilty or *nolo contendere*.

(2) Trial shall commence within the following time periods.

(a) Trial in a court case in which a written complaint is filed against the defendant shall commence within 365 days from the date on which the complaint is filed.

\* \* \*

(d) When a trial court has granted a new trial and no appeal has been perfected, the new trial shall commence within 365 days from the date on which the trial court's order is filed.

Pa.R.Crim.P. 600(A)(1), (2)(a), and (d). Further, the comment states that "[t]he withdrawal of, rejection of, or successful challenge to a guilty plea

- 8 -

should be considered the granting of a new trial for purposes of paragraph (A)(2)(d) of this rule." Pa.R.Crim.P. 600, comment.

Here, the record reflects that the criminal complaints were filed on March 27, 2003 and Appellant entered guilty pleas on July 12, 2004. On June 14, 2005, Appellant withdrew his guilty pleas prior to sentencing, thereby requiring his trial to commence on or before June 14, 2006. On July 14, 2005, Appellant's jury trial timely commenced. *See* Pa.R.Crim.P. 600(A)(2)(d). Accordingly, there is no arguable merit to Appellant's speedy trial claim. Therefore, the record supports the PCRA court's dismissal of Appellant's PCRA petition where he has failed to plead and prove the arguable merit prong of the *Pierce* test. Appellant's first issue does not merit relief.

In his second issue, Appellant claims that trial "[c]ounsel was ineffective for failing to try and prevent these matters from being tried together." (Appellant's Brief, at 16). Specifically, he argues that the "ten sexual assaults on ten minors . . . were independent of each other and should not have been consolidated with each other." (*Id.*). We disagree.

> Our Supreme Court has established a three part test . . . for deciding the issue of joinder versus severance of offenses from different informations. The court must determine
>
> > whether the evidence of each of the offenses would be admissible in a separate trial for the other; whether such evidence is capable of separation by the jury so as to avoid danger of confusion; and, if the answers to these inquiries are in the affirmative,

whether the defendant will be unduly prejudiced by the consolidation of offenses.

***Commonwealth v. Thomas***, 879 A.2d 246, 260 (Pa. Super. 2005), *appeal denied*, 989 A.2d 917 (Pa. 2010) (quoting ***Commonwealth v. Lark***, 543 A.2d 491, 497 (Pa. 1988)); ***see also*** Pa.R.Crim.P. 582(A)(1)(a).

Further, "[o]ur Supreme Court previously has held that consolidation was appropriate where the ages and races of the victims were similar, where the assaults occurred close in time and at similar locations, where the assaults were achieved through similar means, and where the assaults involved similar crimes." ***Commonwealth v. Smith***, 47 A.3d 862, 869 (Pa. Super. 2012), *appeal denied*, 60 A.3d 536 (Pa. 2012) (citations omitted).

Here, the record reflects that the ten victims were between the ages of ten and fifteen; the sexual assaults occurred within a one-mile radius between February 23, 2003 and March 27, 2003; and the victims positively identified Appellant. (***See Zamichieli***, No. 1660 EDA 2009, at *1-3). Appellant baldly states that "[t]here was a very real threat that the jurors may be prejudiced against him[.]" (Appellant's Brief, at 17). However, Appellant has not developed this argument; thus, he has not demonstrated that he suffered actual prejudice. Therefore, consolidation was proper. ***See Thomas***, ***supra*** at 260.

Furthermore, the PCRA court explained that "the evidence of each of the offenses would be admissible in a separate trial for the other; [the trial] court gave proper jury instructions to avoid [any] danger of confusion to the

jurors; and[] no resulting prejudice resulted by the consolidation of offenses[.]" (PCRA Court Opinion, 2/04/15, at 5). Upon review, we agree and conclude that the record supports the court's dismissal of Appellant's PCRA petition where he has failed to plead and prove the arguable merit and prejudice prongs of the *Pierce* test. Accordingly, Appellant's second issue does not merit relief.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 6/17/2015